UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEFFIN T. McFALL,

        Plaintiff,

   v.                                  CAUSE NO. 3:20-CV-973 DRL-MGG

BASS *et al.*,

        Defendants.

OPINION AND ORDER

Steffin T. McFall, a prisoner without a lawyer, filed a complaint over events that happened at Indiana State Prison. Before that complaint was screened as required by 28 U.S.C. § 1915A, he filed an amended complaint. ECF 8. "When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727 (7th Cir. 1999). Accordingly, the court will review the merits of the amended complaint to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. McFall alleges that on October 27, 2020, Officer J. Parker and Officer J. Williams thought that he was high and ordered him to cuff up to be escorted to the medical unit. Mr. McFall denied that he was high, claiming instead that he was tired from

several days of long hours at his job. Nevertheless, the officers, assisted by Sergeant Bass, cuffed him and took him to the medical unit.

At the medical unit, Nurse Betty said she was going to administer Narcan, a drug given to counteract an opioid overdose. Mr. McFall told her that he refused the Narcan, but she and Sergeant Bass administered it against his will. Sergeant Bass held his head back and sat him down on his cuffed hands, which were already swollen and hurt from long hours washing pots and pans at work.

Inmates possess a Fourteenth Amendment due process liberty interest in "refusing forced medical treatment while incarcerated." *Knight v. Grossman*, 942 F.3d 336, 342 (7th Cir. 2019). To establish such a claim, the prisoner must demonstrate that the defendant "acted with deliberate indifference to his right to refuse medical treatment." *Id.* "Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience.'" *Id.* (citation omitted). Moreover, a prisoner's right to refuse medical treatment can be overridden by "a prison regulation that is reasonably related to legitimate penological interests." *Id.* at 343; *see also Russell v. Richards*, 384 F.3d 444, 447-50 (7th Cir. 2004) (concluding inmate's liberty interest in refusing unwanted medical treatment of delousing shampoo was overridden by jail policy designed to address legitimate interest in avoiding outbreaks of lice). "[I]f legitimate penological interests dictate that a particular treatment must be administered even if the prisoner would have refused it, then . . . there is no constitutional right to refuse treatment." *Knight*, 942 F.3d. at 343 (quoting *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006)). Here, further factual development may show that Nurse Betty and Sergeant

2

Bass acted reasonably to provide treatment for what they thought was a drug overdose, but the record lacks that context here. For now, Mr. McFall alleges that he was not on drugs and explicitly refused Narcan. Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed past the pleading stage against these two defendants on a Fourteenth Amendment claim.

Mr. McFall does not state a claim against Officer Parker and Officer Williams. They were not involved in the decision to administer Narcan. And merely suspecting him of being high, even if wrong, does not violate the Constitution. Nor does he state an excessive force claim against Sergeant Bass for holding his head back and sitting him on his cuffed hands. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the allegations show that Sergeant Bass used force while administering Narcan to a noncompliant person. The complaint does not plausibly allege more force than necessary was used.

While Mr. McFall was at medical, he told Nurse Susanne that his hands hurt, but she did not do anything about it. This does not state a claim against Nurse Susanne. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical

care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted).

The complaint does not plausibly allege Mr. McFall had a serious medical need. "[Not] every ache or pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). Mr. McFall alleges that his hands were already swollen and hurt before he was cuffed, and it likely was painful when he was held down for the administration of Narcan. But here, the facts do not allow a reasonable inference of a serious medical need.

Mr. McFall also challenges a conduct report he received for using intoxicants. Based on that conduct report, he lost his job and was transferred to another cell house to participate in a drug program. He alleges a due process violation because he was never allowed to give his side and there was insufficient evidence to find he was intoxicated.

4

Prisoners may not challenge a prison disciplinary proceeding under § 1983 if the disciplinary proceeding included the loss of good-time credits. *See Alexander v. Rasmussen*, 725 F. App'x 418, 420 (7th Cir. 2018). Here, however, the complaint does not allege such a change in the duration of Mr. McFall's sentence, so he may proceed under § 1983. "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Mr. McFall has no liberty or property interest in his prison job. *see DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated in part on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). And the Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general population. *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). However, placement in long-term segregation can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009). There is no allegation that the

5

conditions in the drug treatment program are significantly different than those in the general population. His allegations do not trigger a due process liberty interest.

Mr. McFall also sues Warden Ron Neal and Wexford,[1] the private company that provides medical care at the prison. However, he does not mention them in the body of the complaint, so it appears that he is suing them based on their relationship to defendants. This is not a basis to sue them under § 1983. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Nor can employers be held liable for the actions of their employees without any wrongdoing on the employer's part. *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 378-79 (7th Cir. 2017). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, the Warden and Wexford will be dismissed.

For these reasons, the court:

(1) GRANTS Steffin T. McFall leave to proceed against Nurse Betty and Sergeant Bass in their individual capacities for compensatory and punitive damages for administering Narcan against his will on October 27, 2020, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal, Westford Medical Corp, Susanne, J. Parker, and J. Williams;

---

[1] Mr. McFall sued "Westford Medical Corp," but the court assumes he meant Wexford of Indiana, LLC.

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sergeant Bass at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Betty at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sergeant Bass and Nurse Betty to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 27, 2021  *s/ Damon R. Leichty*
Judge, United States District Court